# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,

        Plaintiff,


v.                        **ORDER**
                               Criminal File No. 09-193 (MJD/AJB)


(1) RUSSELL ADAM COLE and
(2) ABBY RAE COLE,

        Defendants.

_____

Nicole A. Engisch and William J. Otteson, Assistant United States Attorneys, Counsel for Plaintiff.

Andrew M. Luger and David J. Wallace-Jackson, Greene Espel PLLP, Counsel for Defendant Russell Adam Cole.

Andrew M. Luger and David J. Wallace-Jackson, Greene Espel PLLP, and Shelly B. Kulwin, Kulwin, Masciopinto & Kulwin, LLP, Counsel for Defendant Abby Rae Cole.

_____

## I.    INTRODUCTION

This matter is before the Court on Defendants' Joint Motion for Issuance of

Rule 17(c) Subpoena Duces Tecum to Benjamin Ripstein. [Docket No. 163]

Defendants seek a subpoena for Ripstein's personal tax records for the years 1999

through 2008.

## II.     LEGAL DISCUSSION

### A.     Rule 17 Standard

Under Federal Rule of Criminal Procedure 17, in certain instances, a

defendant may subpoena documents from third parties before trial:

> A subpoena may order the witness to produce any books, papers,
> documents, data, or other objects the subpoena designates.  The
> court may direct the witness to produce the designated items in
> court before trial or before they are to be offered in evidence.  When
> the items arrive, the court may permit the parties and their attorneys
> to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).  "The Supreme Court has made clear that subpoenas

duces tecum are not meant to serve as tools of discovery in criminal cases, but are

instead means by which to expedite the trial by providing a time and place prior

to trial for the inspection of subpoenaed materials."  United States v. Bueno, 443

F.3d 1017, 1026 (8th Cir. 2006) (citing United States v. Nixon, 418 U.S. 683, 698-99

(1974)).

In order to obtain a Rule 17(c) subpoena, the defendant must "clear three

hurdles: (1) relevancy; (2) admissibility; (3) specificity."  Nixon, 418 U.S. at 700.

"Notably, [t]hese specificity and relevance elements require more than the title of a document and conjecture as to its contents." <u>United States v. Hang</u>, 75 F.3d 1275, 1283 (8th Cir. 1996) (citation omitted).

### B.      Conclusion

The Court denies Defendants' motion because they fail to meet all three of the requirements for issuance of a Rule 17(c) subpoena.

First, Defendants have failed to show that the requested tax records are relevant. Merely asserting that Ripstein's credibility and motive will be important issues at trial falls short of explaining how Ripstein's tax returns would be relevant as impeachment evidence during his cross examination.

Second, Defendants fail to address how the requested records would be admissible.

Third, Defendants' request lacks specificity as they have simply made a blanket request for all of Ripstein's tax returns for an almost ten-year period. There is no indication of the expected contents of those tax returns.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendants' Joint Motion for Issuance of Rule 17(c) Subpoena Duces

Tecum to Benjamin Ripstein [Docket No. 163] is **DENIED**.

Dated:   April 15, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court