UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-193 (MJD/AJB)

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
        v.                      )        PRELIMINARY ORDER
                                )        OF FORFEITURE
(1) RUSSELL ADAM COLE, and      )
(2) ABBY RAE COLE,              )
                                )
            Defendants.         )

Based on the United States' motion for a Preliminary Order of Forfeiture; on the jury's determination that defendant Russell Adam Cole is guilty of Counts 1-14, 16-20, and 22-26 of the Second Superseding Indictment; on the jury's determination that defendant Abby Rae Cole is guilty of Count 1 of the Second Superseding Indictment; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 21 U.S.C. § 853(p);

**IT IS HEREBY ORDERED** that:

1.    Plaintiff's motion for a preliminary order of forfeiture [Docket No. 251] is **GRANTED**;

2.    Defendant Russell Adam Cole is ordered to pay a personal money judgment forfeiture in the amount of $32,886,849.12 as a result of his conviction of Counts 1 through 14, and 16 through 20, of the Second Superseding Indictment. The defendant shall be given a credit against this money judgment amount for the net forfeited value of each specific asset finally forfeited in this action;

3.    Defendant Abby Rae Cole is ordered to pay a personal money judgment forfeiture in the amount of $32,886,849.12 as a result of her conviction of Count 1 of the Second Superseding Indictment.   The defendant shall be given a credit against this money judgment amount for the net forfeited value of each specific asset finally forfeited in this action;

4.    Because the Government cannot trace the proceeds to specific assets and because the $32,886,849.12 money judgment against Defendants is unavailable, Defendants Russell Adam Cole and Abby Rae Cole shall forfeit the following property to the United States as substitute assets, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and  28 U.S.C. § 2461(c):

a.    2001 Cobra 2 Door, VIN IA031797;

b.    2002 Aston-Martin 2 Door, VIN SCFAC23392B500230;

c.    2005 Ferrari Coupe, Model 430 F430, VIN ZFFEW58A750142935;

d.    2003 Ferrari ENZO Coupe, VIN ZFFCW56A630133019;

e.    2005 Porsche 911 Coupe, VIN WP0AB29915S696066;

f.    2006 Lexus SC430 Convertible, VIN JTHFN48Y569001094;

g.    2006 Lamborghini Murcielago Convertible, VIN ZHWBU26S36LA01940;

h.    2005 Ford GT 2 Door, VIN 1FAFP90SX5Y401257;

i.    2008 Bentley GTC Convertible, VIN SCBDR33W28C058035;

j.    2006 Porsche Cayenne Utility, VIN WP1AB29P06LA68220;

k.    2008 Mercedes Benz S550 4 Door, VIN WDDNG71X48A204169;

l.   Any and all funds seized from TD Ameritrade Account No. 909-313-120, FKA 509-31312, including seized funds in the approximate amount of $4,745,409.84, and including all funds from the sale of Nuveen stock in the approximate amount of $526,619.40;

m.   Any and all funds seized from LaSalle Bank Certificate of Deposit No. 480705549-8, in the approximate amount of $2,000,883.29;

n.   Any and all funds seized from TD Ameritrade Account No. 882-302-737, FKA 363-29005, in the approximate amount of $1,799,969.66;

o.   Any and all funds seized from TD Ameritrade Account No. 901-021342 in the approximate amount of $145,779.27;

p.   Any contained in Iron Absolute Return Onshore Feeder Fund For The Benefit of Russell and Abby Cole, including funds in the approximate amount of $402,386 seized to date, and all remaining funds to be distributed from the account until the account is fully liquidated;

q.   The real property and premises located at 216 Kenmore Avenue, Deerfield, Illinois, with all appurtenances, improvements, and attachments thereon, and legally described as follows:

LOT 124 (EXCEPT THE SOUTH 75 FEET OF THE EAST 144 FEET) IN THE SUBDIVISION OF J.S. HOVLAND'S FIRST ADDITION TO DEERFIELD, A SUBDIVISION OF THE SOUTHWEST 1/4 (EXCEPT THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 THEREOF) OF SECTION 32, TOWNSHIP 43 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, AS SHOWN ON THE PLAT OF SAID SUBDIVISION, RECORDED NOVEMBER 7, 1924, AS DOCUMENT 248380, IN BOOK "N" OF PLATS, PAGE 56, IN LAKE COUNTY, ILLINOIS.

AND

THE SOUTH 75 FEET OF THE EAST 144.0 FEET OF LOT 124 IN THE SUBDIVISION OF J.S. HOVLAND'S FIRST ADDITION TO DEERFIELD, BEING A SUBDIVISION OF THE SOUTH WEST QUARTER (EXCEPT THE NORTH WEST QUARTER OF THE NORTHWEST QUARTER THEREOF,) OF SECTION 32, TOWNSHIP 43 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL

MERIDIAN, ACCORDING TO THE PLAT THEREOF, RECORDED AS DOCUMENT NUMBER 248380 IN BOOK "N" OF PLATS, ON PAGE 56, IN DEERFIELD, LAKE COUNTY, ILLINOIS (Parcel I.D. Numbers 16-32-307-013 and 16-32-307-014).

r.  The real property and premises located at 950 Bristol Drive, Deerfield, Illinois, with all appurtenances, improvements, and attachments thereon, and legally described as follows:

LOT 15 IN BRISTOL PLACE RESUBDIVISION, BEING A RESUBDIVISION OF PART OF THE SOUTHEAST QUARTER OF SECTION 32, TOWNSHIP 43 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED APRIL 7,1992, AS DOCUMENT NUMBER 3139589, AND CORRECTED BY CERTIFICATE OF CORRECTION RECORDED JUNE 11, 1992, AS DOCUMENT 3170498, IN LAKE COUNTY, ILLINOIS.
(Tax Parcel I.D. Number: 16-32-411-106); and

s.  $14,250 Cash;

5.  The United States may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

6.  The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1) and by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing, and shall be made a part of the sentence and included in their criminal judgments;

4

8.    Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee;

9.    Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), the United States may conduct discovery to identify additional property subject to forfeiture under the terms of this order;

10.    This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims.


Dated: December 21, 2010          s/ Michael J. Davis
                                  MICHAEL J. DAVIS, Chief Judge
                                  United States District Court